IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-639-SLR |
| | ) |
| G.R. JOHNSON, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

David J. Buchanan. Pro se petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 16, 2010
Wilmington, Delaware

---

[1]G.R. Johnson has replaced former warden Michael Deloy, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner David J. Buchanan ("petitioner") is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Presently before the court is petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 25) For the reasons that follow, the court concludes that the application is mixed because it contains both exhausted and unexhausted claims. Therefore, the court will provide petitioner with the option of withdrawing the unexhausted claim and proceeding only with the exhausted claims, or having the petition dismissed without prejudice in order to provide him with an opportunity to exhaust state remedies and proceed with all exhausted claims at a later date.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, a Superior Court jury found petitioner guilty of third degree burglary, resisting arrest, criminal contempt, three counts of possession of a deadly weapon by a person prohibited ("PDWBPP"), and two counts of carrying a concealed deadly weapon. In December 2008, the Delaware Superior Court sentenced petitioner to seven years at Level V imprisonment with credit for 267 days previously served on one count of PDWBPP; six years at Level V imprisonment, suspended after two years, followed by one year of work release and two years of probation, on the second count of PDWBPP; and an aggregate of nine years at Level V imprisonment, suspended for probation, on the remaining convictions. On direct appeal, the Delaware Supreme Court reversed petitioner's conviction for third degree burglary, but affirmed all of his other convictions. *Buchanan v. State*, 981 A.2d 1098 (Del. 2009). In accordance with

that decision, the Superior Court modified petitioner's sentence on October 2, 2009 to reflect the deletion of the third degree burglary conviction. (D.I. 44, at p. 2)

Meanwhile, prior to being sentenced on his state court convictions, petitioner filed a federal habeas application in this court on October 1, 2008. (D.I. 1) The court summarily dismissed the application without prejudice on November 19, 2008 for failure to exhaust state remedies. (D.I. 4) Petitioner filed an amended habeas application on September 11, 2009, to which the State has filed an answer, asking the court to dismiss the application without prejudice because it contains both exhausted and unexhausted claims. (D.I. 25; D.I. 44)

### III. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas application on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-46 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by fairly presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a manner that permits those courts to consider the claim on its merits. *O'Sullivan*, 526 U.S. at 844-45; *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas application consisting entirely of unexhausted

claims in order to give a petitioner an opportunity to present the unexhausted claims to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed application, which is an application containing both exhausted and unexhausted habeas claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). As a general rule, when a petitioner presents a district court with a mixed application, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state remedies for the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Recently, however, in *Urcinoli v. Cathel*, 546 F.3d 269, 275-77, 277 n.9 (3d Cir. 2008), the Third Circuit explained that, prior to dismissing a mixed application, it would be "good practice" for a district court to provide the petitioner with a choice of three procedural options for proceeding with his mixed application. The three alternatives include: (1) dismissal of the application without prejudice in order to enable the petitioner to return to state court to exhaust state remedies; (2) deletion of the unexhausted claims from the application so that the habeas proceeding would continue with only the remaining exhausted claims; and (3) in limited circumstances, staying the mixed application and holding the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Id.* at *3. The language in the *Urcinoli* decision suggests that a district court should inform a petitioner of these three options before deciding to dismiss the application

without prejudice even when the operation of the AEDPA one-year period will not clearly foreclose a future collateral attack. *Id.* at *6 n.9.

## III. DISCUSSION

Petitioner's application asserts three grounds for relief: (1) ineffective assistance of counsel at trial and on appeal; (2) the Delaware Supreme Court erred in denying petitioner's petition for a writ of prohibition; and (3) the state and federal police engaged in malicious prosecution "with nexus, and [petitioner wishes] to recover property." (D.I. 1, at p. 9; D.I. 25)

The State asserts that the court is procedurally barred from reviewing claims two and three due to petitioner's procedural default of these claims at the state court level and his failure to demonstrate cause and prejudice for that default. When determining whether a habeas application contains both exhausted and unexhausted claims, procedurally barred claims are treated as though they are exhausted. *Cf. Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)(A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [] is not a mixed petition.") Thus, the court concludes that petitioner has satisfied the exhaustion requirement for claims two and three. *See Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

Nevertheless, at this juncture, it appears that petitioner has not yet exhausted state remedies for claim one, which alleges ineffective assistance of counsel.[2] The

---

[2]Although the record reveals that petitioner presented claim one to the Superior Court in a Rule 61 motion, the Superior Court struck the motion as improperly filed. *See Buchanan v. State*, 962 A.2d 256 (Table), 2008 WL 4877998, at *1 (Del. Nov. 10, 2008). Petitioner appealed that decision, but the Delaware Supreme Court dismissed

4

proper procedural vehicle for raising ineffective assistance of counsel claims in the Delaware state courts is a post-conviction motion filed pursuant to Delaware Superior Court Criminal Rule 61. See *Webster v. Kearney*, 2006 WL 572711 (D. Del. 2006). Pursuant to Delaware Superior Court Criminal Rule 61, post-conviction applications must be filed within one year of a prisoner's conviction becoming final. Del. Super. Ct. Crim. R. 61(i). As the State explains, petitioner's conviction became final on September 8, 2009, the date of the Delaware Supreme Court's mandate on direct appeal. Therefore, petitioner may still timely file a Rule 61 motion in the Delaware Superior Court, and satisfy the exhaustion requirement by appealing the Superior Court's decision. (D.I. 44, at p. 10)

Based on this record, the court concludes that petitioner has filed a mixed application containing both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 273-79. Although the court has discretion to stay the application and hold it in abeyance while petitioner exhausts his claims, the court concludes that a stay is not warranted in this case. *Id.* at 277-78 (holding that a stay is warranted if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Despite the fact that petitioner has filed numerous documents with the court after the State filed its answer, petitioner has not offered any

---

the appeal for lack of jurisdiction because the Superior Court's order was interlocutory in nature. *Id.* Consequently, the court concludes that petitioner's Rule 61 motion did not exhaust state remedies because its premature presentation did not provide the Delaware State Courts with an opportunity to consider the instant ineffective assistance of counsel claim on its merits. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

5

reason for his failure to satisfy the exhaustion requirement with respect to claim one. In other words, petitioner has not demonstrated good cause for his failure to exhaust, nor has he demonstrated that his failure to exhaust was not an intentional act of delay.

Having determined that the "stay and abey" procedure is not warranted, the court will provide petitioner with two options for proceeding with the application. First, petitioner may delete from his application the unexhausted ineffective assistance of counsel claim and proceed with his exhausted claims. If petitioner chooses this course of action, he should be aware that, by deleting the unexhausted claim, he may be unable to obtain federal habeas review of that claim at any future point in time. *See* 28 U.S.C. § 2244.

The second option available to petitioner is for the court to dismiss the entire application without prejudice in order to enable him to re-file the entire application once the Delaware State Courts have completed their post-conviction review of any future and timely Rule 61 motion. If petitioner chooses this course of action, he should pay attention to the one-year statute of limitations period applicable to federal habeas petitions to avoid any future re-filing of his application from being time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d).[3]

## IV. PENDING MOTIONS

### A. Motion for Representation by Counsel

Petitioner has filed a motion requesting representation by counsel because "it is unlikely that the court will receive documents from the State of Delaware withheld from

---

[3] The one-year statute of limitations period is tolled during the pendency of a timely filed Rule 61 motion.

prior proceedings without counsel appointed on [his] behalf." (D.I. 31, at ¶ 4) Petitioner's reason fails to demonstrate that the "interests of justice" require such representation.[4] Therefore, the court will deny petitioner's motion for representation by counsel without prejudice to renew.

### B. Motion for Turnover Replevin Jurisdiction

Petitioner has filed a motion for turnover replevin jurisdiction, which the court construes as a motion for the return of his property pursuant to the "turnover of replevin jurisdiction [from the Delaware Superior Court] to this court." (D.I. 40) Considering that the instant proceeding is one for federal habeas relief, the court does not have the authority to order the return of petitioner's property. Therefore, the court will deny the instant motion.

### C. Motion for Expansion of Record

Petitioner has filed a motion to expand the record with respect to his underlying state criminal case and his federal bankruptcy proceedings. (D.I. 43) When, and if, the court proceeds to review the instant application, the court will consider the

---

[4]Petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Rather, the court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

additional material included in petitioner's motion only to the extent that the material supplements the claims asserted in the application.

## V. CONCLUSION

For the foregoing reasons, the court concludes that the instant application contains both exhausted and unexhausted claims. Because the stay-and-abey procedure is not warranted in this case, petitioner shall inform the court as to whether he wishes to: (1) delete the unexhausted claim from the application (claim one) and proceed only with the exhausted claims (claims two and three); or (2) have the entire application dismissed without prejudice so that he can re-file all three claims in a new application once he has exhausted state remedies.

An appropriate order will be entered.