IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID J. BUCHANAN,                    )
                                      )
            Petitioner,               )
                                      )
      v.                              )  Civil Action No. 08-639-SLR
                                      )
G.R. JOHNSON,  Warden,                )
and JOSEPH R. BIDEN, III,             )
Attorney General of the State         )
of Delaware,                          )
                                      )
            Respondents.[1]           )

_____

David J. Buchanan.  Pro se petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

_____

**MEMORANDUM OPINION**

September $\partial1$ , 2010
Wilmington, Delaware

_____

[1]G.R. Johnson has replaced former warden Michael Deloy, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner David J. Buchanan ("petitioner") is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Pending before the court is petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 25; D.I. 57) For the reasons that follow, the court will deny the application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, a Superior Court jury found petitioner guilty of third degree burglary, resisting arrest, criminal contempt, three counts of possession of a deadly weapon by a person prohibited ("PDWBPP"), and two counts of carrying a concealed deadly weapon. In December 2008, the Delaware Superior Court sentenced petitioner to seven years at Level V imprisonment with credit for 267 days previously served on one count of PDWBPP; six years at Level V imprisonment, suspended after two years, followed by one year of work release and two years of probation, on the second count of PDWBPP; and an aggregate of nine years at Level V imprisonment, suspended for probation, on the remaining convictions. On direct appeal, the Delaware Supreme Court reversed petitioner's conviction for third degree burglary, but affirmed all of his other convictions. *Buchanan v. State*, 981 A.2d 1098 (Del. 2009). In accordance with that decision, the Superior Court modified petitioner's sentence on October 2, 2009 to reflect the deletion of the third degree burglary conviction. (D.I. 44, at p. 2)

Meanwhile, prior to being sentenced on his state court convictions, petitioner filed a federal habeas application in this court on October 1, 2008. (D.I. 1) The court summarily dismissed the application without prejudice on November 19, 2008 for failure

to exhaust state remedies. (D.I. 4) Petitioner filed an amended habeas application on September 11, 2009, three days after the Delaware Supreme Court affirmed his convictions and sentences on direct appeal. The State filed an answer, asking the court to dismiss the application without prejudice because it contained both exhausted and unexhausted claims. (D.I. 25; D.I. 44)

Meanwhile, on December 15, 2009, while the instant habeas application was pending in this court, petitioner filed in the Delaware Superior Court a motion for return of property, which the Superior Court denied on April 16, 2010. *State v. Buchanan*, 2010 WL 1529608 (Del. Super. Apr. 16, 2010). The Delaware Supreme Court affirmed that judgment. *Buchanan v. State*, 998 A.2d 850 (Table), 2010 WL 2680539 (Del. July 7, 2010). Thereafter, during the winter of 2010, petitioner filed in the Superior Court a petition for a writ of habeas corpus, alleging that the indictment did not adequately allege the grounds upon which he was a "prohibited person" pursuant to 11 Del. C. § 1448. The Superior Court denied the habeas petition in April 2010, and the Delaware Supreme Court affirmed that decision. *Buchanan v. State*, 2010 WL 3002981 (Del. Aug. 2, 2010).

In July 2010, this court issued a Memorandum Opinion concluding that petitioner's habeas application was mixed because it contained both exhausted and unexhausted claims. (D.I. 55; D.I. 56) The court explained that it would dismiss the application without prejudice to enable petitioner to exhaust state remedies unless he opted to withdraw the unexhausted habeas claim. *Id.* Soon thereafter, petitioner informed the court that he wished to withdraw the unexhausted ineffective assistance of

2

counsel claim and proceed on the remaining exhausted habeas claims.  Accordingly, the court will review the two claims remaining in the application.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts.  *See* 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits.  *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997).  "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004)(internal citations omitted).

If a petitioner presents a federal court with a federal habeas application consisting entirely of unexhausted claims, the federal habeas limitations period is not a potential issue, and further review of those claims is still available in the state courts,

3

the federal court must dismiss the habeas application without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000). However, if state procedural rules would preclude the petitioner from seeking further relief in the state courts, the federal court will excuse his failure to exhaust and treat those claims as exhausted but procedurally defaulted. *Id.*; *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and

4

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

The habeas application presently pending before the court asserts two claims: (1) the Delaware Supreme Court should have granted petitioner's petition for a writ of prohibition alleging that the Superior Court lacked jurisdiction to consider the three PDWBPP charges because petitioner did not have any prior felony conviction, which was a prerequisite to his being considered a prohibited person; and (2) the state and federal police engaged in malicious prosecution "with nexus, and [petitioner wishes] to recover property." (D.I. 1, at p. 9; D.I. 25)

As an initial matter, to the extent claim three seeks the return of any seized property in connection with petitioner's arrest, petitioner has failed to assert an issue cognizable on federal habeas review.  Therefore, the court will deny the portion of claim three seeking to recover property for failing to assert a proper basis for federal habeas relief.

In turn, after reviewing the record, the court concludes that it must deny claims two and the remaining portion of claim three as procedurally barred, due to petitioner's procedural default of these claims at the state court level.  In claim two, petitioner contends that there was insufficient evidence to support his convictions for PDWBPP because he was not a prohibited person.  Petitioner, however, never presented this claim to the Delaware Supreme Court on direct appeal; the insufficient evidence claim he did present on direct appeal was based on his belief that the State failed to provide sufficient evidence of the requisite *mens rea*.  Therefore, petitioner did not exhaust state remedies for claim two.[2]

---

[2]Petitioner appears to have presented an argument similar to claim two to the Delaware Supreme Court when he appealed the Superior Court's denial of his petition for a writ of habeas corpus by arguing that his convictions for PDWBPP were illegal because the indictment failed to establish that he was a "prohibited person." *Buchanan v. State*, 2010 WL 3002981 (Del. Aug. 2, 2010).  The Delaware Supreme Court summarily affirmed the Superior Court's denial of the writ because a writ of habeas corpus in Delaware provides relief on a very limited basis, and a petition for writ of habeas corpus was not the proper mechanism by which to raise this trial error. *Id.*; *See also Golla v. State*, 135 A.2d 137 (Del. 1957)(writ of habeas corpus may not be used as a writ of error to review errors in the conduct of the trial; such errors must be raised on direct appeal).  Therefore, petitioner's presentation of the "prohibited person" argument to the Delaware Supreme Court during his state habeas appeal did not exhaust state remedies for federal habeas purpose.

As for claim three, the record reveals that petitioner did not present a malicious prosecution claim to the Delaware Supreme Court on direct appeal or on post-conviction appeal.  Thus, he has failed to satisfy the exhaustion requirement for claim three as well.[3]

At this juncture, Delaware court rules would bar petitioner from obtaining further review of claims two and three in the Delaware State Courts.[4]  As a result, the court must treat the claims as exhausted but procedurally defaulted, thereby precluding the court from reviewing claims two and three on their merits absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner does not allege, and the court cannot discern, any cause for his default of claims two and three.  In the absence of cause, the court will not address the issue of prejudice.  Moreover, there are no grounds for excusing petitioner's default under the miscarriage of justice doctrine, because petitioner has not provided new

---

[3]Although it appears that petitioner presented a similar malicious prosecution claim in the two petitions for prohibition that he filed in the Delaware Supreme Court during his underlying criminal proceeding (D.I. 44, at p. 8), that presentation did not exhaust state remedies because the claim was not presented in the proper procedural manner.  As explained by the Delaware Supreme Court when it denied the first petition for prohibition, petitioner had to present the malicious prosecution claim on direct appeal.  *See In re Buchanan*, 954 A.2d 909 (Table), 2008 WL 2522379 (Del. June 25, 2008).

[4]For example, any attempt by petitioner to raise claims two and three in a new Rule 61 motion would be barred as untimely under Rule 61(i)(1), and as procedurally defaulted under Rule 61(i)(3).  *See Righter v. Snyder*, 2002 WL 63802, at *4 (D. Del. Jan. 17, 2002); *Folks v. Phelps*, 2009 WL 498008 (D. Del. Feb. 26, 2009)(Rule 61(i)(2) bars any ground for relief that was not asserted in a prior post-conviction proceeding, unless reconsideration is warranted in the interest of justice); *Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3)).

reliable evidence of his actual innocence that was not presented at trial.  Accordingly,

the court will deny claims two and three as procedurally barred.

## IV.  PENDING MOTIONS

Petitioner has three motions presently pending before the court: a motion for writ

of mandamus (D.I. 58), a motion to compel the production of his pre-sentence report

(D.I. 59), and a motion for leave to conduct discovery (D.I. 63).  The court has

concluded that it must deny petitioner's habeas application.  Therefore, the court will

deny these three motions as moot.

## V.  CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty.  *See*

3d Cir. L.A.R. 22.2 (2008).  The court may issue a certificate of appealability only when

a petitioner makes a "substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  This showing is satisfied when the petitioner demonstrates "that

reasonable jurists would find the district court's assessment of the denial of a

constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).

Further, when a federal court denies a habeas petition on procedural grounds

without reaching the underlying constitutional claim, the prisoner must demonstrate that

jurists of reason would find it debatable: (1) whether the petition states a valid claim of

the denial of a constitutional right; and (2) whether the court was correct in its

procedural ruling.  *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied.  Reasonable jurists would not find this conclusion debatable.  Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.  An appropriate order will be entered.