IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID J. BUCHANAN,                    )
                                      )
              Petitioner,             )
                                      )
       v.                             )  Civ. No. 08-639-SLR
                                      )
G.R. JOHNSON, Warden,                 )
and JOSEPH R. BIDEN, III,             )
Attorney General of the State of      )
Delaware,                             )
                                      )
              Respondents.            )

**MEMORANDUM ORDER**

At Wilmington this ⫽8th day of July, 2011, having reviewed the above

captioned case;

IT IS ORDERED that, **no later than August 31, 2011**, the State shall update the

court on the status of petitioner David J. Buchanan's ("petitioner") Rule 61 proceeding

and provide the relevant state court record.

IT IS FURTHER ORDERED that , **no later than August 31, 2011**, the State

shall file a response to petitioner's motion for reargument (D.I. 69), for the reasons that

follow:

1. **Background**. Petitioner David J. Buchanan ("petitioner") filed a § 2254

application asserting three claims: (1) ineffective assistance of counsel at trial and on

appeal; (2) the Delaware Supreme Court erred in denying petitioner's petition for a writ

of prohibition which raised issues regarding his indictment; and (3) the state and federal

police engaged in malicious prosecution "with nexus, and [petitioner wishes] to recover

property." (D.I. 1, at p. 9; D.I. 25) The State filed an answer asking the court to

dismiss the application without prejudice because petitioner had not exhausted state remedies for his ineffective assistance of counsel claim, thereby rendering the application "mixed." (D.I. 25; D.I. 44)

2. In a memorandum opinion dated July 16, 2010, the court concluded that petitioner's habeas application was mixed because he had not exhausted state remedies for his ineffective assistance of counsel claim. (D.I. 55; D.I. 56) In reaching this conclusion, the court noted that the State contended the two other claims were actually procedurally defaulted and, therefore, procedurally barred from federal habeas review. (D.I. 55) The court provided petitioner with an opportunity to either withdraw the unexhausted claim and proceed with the remaining claims, or have the entire application dismissed without prejudice so that he could file a new application once he exhausted state remedies for the unexhausted claim. Petitioner opted to withdraw his unexhausted ineffective assistance of counsel claim and have the court review the remaining two claims. (D.I. 57)

3. In a memorandum opinion and order dated September 27, 2010, the court held that the remaining two claims were procedurally barred and denied petitioner's § 2254 application. (D.I. 64; D.I. 65)

4. On September 27, 2010, petitioner filed a letter informing the court that he had filed a Rule 61 motion for post-conviction relief in the Delaware Superior Court on August 23, 2010. (D.I. 66) Attached to the letter was a copy of the Rule 61 motion; although the motion identified numerous alleged errors occurring in his numerous state court proceedings, it appeared to seek relief on the basis of trial and appellate counsel's failure to pursue the correction of such errors. This court had no prior

2

knowledge of petitioner's Rule 61 motion.

5. On October 7, 2010, petitioner filed in this court a motion for reargument asserting that the court should not have denied his application as procedurally barred because he actually exhausted state remedies for the two claims presented therein via his "motion for return of property" (filed in the Delaware Superior Court on December 15, 2009) and his "motion to vacate convictions in lieu of habeas corpus" (filed in the Delaware Superior Court on April 8,2010). (D.I. 69)

6. Petitioner's motion for reargument also refers to his Rule 61 motion and asserts that "state courts have been put on notice that a federal claim is being asserted." (D.I. 69 at 3)

7. The Superior Court denied petitioner's Rule 61 motion on December 3, 2010, holding that petitioner's ineffective assistance of counsel claims were meritless. *State v. Buchanan*, 2010 WL 6490064 (Del. Super. Dec. 3, 2010). The Superior Court identified the claims raised in the Rule 61 motion as alleging that trial counsel failed to: (1) move to quash the indictment; (2) move to dismiss on double jeopardy grounds; (3) move to exclude evidence seized as a result of a pretextual traffic stop; and (4) argue that police lacked probable cause to search the marital home on January 26, 2007. Petitioner also alleged that appellate counsel failed to: (1) present a viable defense; (2) present the correct version of 11 Del. Code Ann. 1448(a)(6); and (3) argue that petitioner was not lawfully prohibited from possessing deadly weapons pursuant to § 1448(a)(6). *Id.* at *2.

8. The court has been unable to ascertain if petitioner appealed that decision.

9. **Conclusion**. The Rule 61 motion was timely filed under Delaware Superior

3

Court Criminal Rule 61(i)(1).[1] *Buchanan*, 2010 WL 6490064, at *2. If petitioner

appealed that decision and raised any issues similar to claims two and three from this

proceeding, there is the possibility that the Delaware Supreme Court may have

reviewed (or will review) those claims under Rule 61(i)(5)'s miscarriage of justice

exception to the procedural default bar of Rule 61(i)(3). Such review by the Delaware

Supreme Court could affect the court's prior procedural default analysis. Therefore, in

these circumstances, the court requires further information from the State before it can

consider petitioner's motion for reargument.

UNITED STATES DISTRICT JUDGE

---

[1]Because petitioner had until September 8, 2010 to file a Rule 61 motion under
Rule 61(i)(1), (D.I. 44 at 10), the Rule 61 motion he filed on August 23, 2010 was
timely. This court was not aware of petitioner's Rule 61 proceeding when it issued its
memorandum opinion on September 27, 2010, and believed that petitioner had missed
his opportunity to present a timely Rule 61 motion to the Delaware Superior Court.

4