IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 08-639-SLR |
| | ) |
| G.R. JOHNSON,  Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this   15ᵗʰ day of September, 2011, having reviewed the above

captioned case;

IT IS ORDERED that petitioner David J. Buchanan's ("petitioner") motion for

reargument (D.I. 69) is **DENIED**, for the reasons that follow:

**1. Background**. Petitioner's habeas application asserted three grounds for

relief: (1) ineffective assistance of counsel; (2) the Delaware Supreme Court erred in

denying petitioner's petition for a writ of prohibition; and (3) the state and federal police

engaged in malicious prosecution "with nexus, and [petitioner wishes] to recover

property." (D.I. 1 at 9; D.I. 25)  On July 16, 2010, the court concluded the habeas

application was mixed because petitioner had not exhausted state remedies for his

ineffective assistance of counsel claim. (D.I. 55; D.I. 56)  In reaching this conclusion,

the court noted that the State contended the two other "exhausted" claims were actually

procedurally defaulted and, therefore, procedurally barred from federal habeas review.

(D.I. 55)  The court provided petitioner with an opportunity to either withdraw the

unexhausted claim and proceed with the remaining claims, or have the entire application dismissed without prejudice so that he could file a new application once he exhausted state remedies for the unexhausted claim. Petitioner opted to withdraw his unexhausted ineffective assistance of counsel claim and have the court review the remaining two claims. (D.I. 57) In a decision dated September 27, 2010, the court denied petitioner's § 2254 application as procedurally barred. (D.I. 64; D.I. 65)

2. Within ten (10) days of that decision, petitioner filed the instant motion for reargument. (D.I. 69) Petitioner appears to contend that his application should not have been denied as procedurally barred because he actually exhausted state remedies for the two claims presented therein.

**3. Standard of Review.** Pursuant to Local Rule 7.1.5, a motion for reargument should be granted sparingly. D. Del. LR 7.1.5 (2010). The principles governing such motions are as follows: (1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; (2) the purpose of reargument is to permit the court to correct error without unduly sacrificing finality; and (3) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the court." *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). A motion for reargument can only be granted if the court patently misunderstood a party, the court made a decision outside the adversarial issues presented to the court by the parties, or the court made an error of apprehension rather than of reasoning; a motion

2

that simply "rehashes materials and theories already briefed, argued, and decided" should be denied. *Id.*

**4. Discussion.** The court's decision to deny petitioner's application as procedurally barred stemmed from petitioner's failure to raise claims two and three to the Delaware Supreme Court on direct appeal, and from his failure to "fairly present" the claims in a proper procedural manner to the Delaware Supreme Court during his post-conviction appellate proceedings.

5. Specifically, in footnote two, the court noted that petitioner's "prohibited person" argument presented to the Delaware Supreme Court during his appeal of the Superior Court's denial of his state habeas petition was somewhat similar to claim two of this proceeding. However, the court explained that petitioner's presentation of the "prohibited person" argument did not exhaust state remedies for claim two of this proceeding, because a state habeas petition was not the proper procedural vehicle through which to raise the argument. (D.I. 64 at 6 n.2) In footnote three, the court noted that, to the extent petitioner's two petitions for prohibition filed during his state criminal proceeding presented an argument similar to claim three of this proceeding, that presentation did not exhaust state remedies because the issues were raised prematurely and he needed to present them to the Delaware Supreme Court on direct appeal. (D.I. 64 at 8 n.3) In other words, a petition for prohibition was not the proper procedural vehicle through which to raise the argument.

6. Now, in his motion for reargument, petitioner contends that he exhausted state remedies via his "motion for return of property" (filed in the Delaware Superior Court on December 15, 2009), and his "motion to vacate convictions in lieu of habeas

3

corpus" (filed in the Delaware Superior Court on April 8, 2010). Petitioner asserts that the Superior Court erroneously construed his "motion to vacate convictions in lieu of habeas corpus" to be a "petition for habeas corpus," thereby causing this court to conclude that he had not exhausted state remedies for claim two because a state habeas petition was not the proper procedural vehicle for raising this issue. In turn, petitioner appears to argue that his motion for return of property fairly presented a federal claim that exhausted state remedies for claims two and three because it contained the following sentence: "To properly charge [petitioner] with a violation of 11 Del. C. §1448(a)(6) the indictment must identify the prior conviction by a brief statement of charge, identification of the court, the case number, and the date of conviction. *See State v. Robinson*, 251 A.2d 552 (Del. 1969); *State v. Deedon*, 189 A.2d 660 (Del. 1963); U.S. Constitution Amendment 14, and 2nd." (D.I. 69 at 8)

7. The instant motion for reargument also refers to the Rule 61 motion he filed in the Delaware Superior Court in August 2010 and asserts that "state courts have been put on notice that a federal claim is being asserted." (D.I. 69 at 3) The court liberally interprets this statement as alleging that his Rule 61 proceeding exhausted state remedies for claim two and/or claim three.

8. As an initial matter, the court concludes that petitioner's contentions do not satisfy the standards for granting reargument, because they merely express petitioner's disagreement with the court's conclusion and reargue an issue already decided.

9. Nevertheless, even if the court were to consider petitioner's arguments, they are unpersuasive. First, petitioner's allegation that the Superior Court erroneously construed his "motion to vacate convictions in lieu of habeas corpus" to be a petition for

writ of habeas corpus is specious. There is no existing method for collateral review in the Delaware state courts called a "motion to vacate convictions in lieu of habeas corpus," and petitioner does not identify what would have been the "proper" characterization of his motion. Petitioner was well aware of the other methods for obtaining collateral review in the Delaware state courts, as demonstrated by his pro se Rule 61 motion filed on October 1, 2008 and his pro se Rule 61 motion filed on August 23, 2010, yet there is no indication that petitioner ever raised the issue of this alleged mis-characterization of his state court filing to the Delaware state courts during their review of his filings. (D.I. 57; D.I. 66) Given petitioner's voluminous filings in the Delaware state courts articulating his objections to other numerous state court rulings involving him, the court interprets petitioner's failure to object to the Superior Court's allegedly incorrect characterization of his motion at an earlier juncture as demonstrating his implicit agreement with the state court's characterization. Therefore, petitioner's self-serving attempt to obtain reargument here is unavailing.

10. The court similarly rejects petitioner's contention that the single reference to the Constitution in his motion for return of property filed in the Superior Court fairly presented the insufficient evidence (claim two) and malicious prosecution (claim three) arguments that were raised in this proceeding. The Superior Court denied the motion for return of property as untimely, and the Delaware Supreme Court affirmed that decision. Petitioner's untimely presentation of the motion for return of property precluded appellate review of the issues raised therein. Therefore, petitioner's motion for return of property and subsequent appeal did not "fairly present" claims two and three to the Delaware Supreme Court for federal habeas purposes.

5

11. The court also concludes that petitioner's Rule 61 appeal did not exhaust state remedies for claim two (insufficient evidence) and claim three (malicious prosecution) because petitioner did not "fairly present" those claims to the Delaware Supreme Court. To begin, the Rule 61 motion petitioner filed in the Superior Court on August 23, 2010 only raised the same ineffective assistance of counsel claims petitioner withdrew from his federal habeas application in July 2010. The Superior Court denied the Rule 61 motion and, on post-conviction appeal, petitioner argued that: (1) the Superior Court lacked jurisdiction to convict him because the three counts of the indictment that charged him with possession of a deadly weapon by a person prohibited, in violation of 11 Del. Code Ann. § 1448(a)(6), were fatally defective; and (2) trial and appellate counsel provided ineffective assistance. *See Buchanan v. State*, 2011 WL 3452148 (Del. Aug. 8, 2011). The Delaware Supreme Court affirmed the Superior Court's holding that the defective indictment claim was both procedurally barred under Rule 61(i)(3) and meritless, and also affirmed the Superior Court's holding that the ineffective assistance of counsel allegations were meritless.

12. The court has several reasons for concluding that petitioner's Rule 61 appeal did not exhaust state remedies for claims two and three. First, the Delaware Supreme Court did not interpret the two arguments raised on post-conviction appeal as alleging insufficient evidence or malicious prosecution. *Id.*

13. Second, comparing the substance of the defective indictment claim petitioner raised in his Rule 61 appeal with the insufficient evidence claim raised in this proceeding demonstrates that petitioner's defective indictment argument did not "fairly present" the insufficient evidence argument presented here. In his Rule 61 appeal,

6

petitioner argued that the defective indictment deprived the Superior Court of jurisdiction over his criminal proceeding, and that the indictment was defective because: (1) the PFA order entered against him, which prohibited him from possessing weapons, occurred at a civil proceeding that did not afford him the constitutional due process protections of a criminal proceeding; and (2) the indictment did not allege any prior convictions against him. *See Buchanan*, 2011 WL 3452148, at *2. In contrast, the insufficient evidence argument presented in claim two of this proceeding asserts that there was insufficient evidence to support petitioner's convictions for PDWBPP because he was not a prohibited person.

14. In turn, petitioner's post-conviction appeal did not exhaust state remedies for claim three, because petitioner did not raise the issue of malicious prosecution on post-conviction appeal. *See generally Buchanan*, 2011 WL 3452148.

15. And finally, the Delaware Supreme Court's denial of petitioner's motion for reargument asking that all of his claims be reviewed under Rule 61(i)(5)'s miscarriage of justice exception to the procedural bar rule (D.I. 73 at 4) demonstrates that petitioner is now "clearly foreclosed" from obtaining further review of his claims in the Delaware state courts. *See* (D.I. 70 at 4; D.I. 75 at 18-19)

16. For all of these reasons, the court concludes that petitioner's Rule 61 motion and appeal did not exhaust state remedies for federal habeas purposes. Accordingly, the court reaffirms its conclusion that claims two and three are procedurally barred and denies petitioner's motion for reargument.

17. To the extent one may be necessary, the court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d

7

Cir. 1997);  3d Cir. L.A.R. 22.2 (2011).

    IT IS FURTHER ORDERED that the clerk of the court shall close the case.



UNITED STATES DISTRICT JUDGE