IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-639-SLR |
| | ) |
| G.R. JOHNSON, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2012, having reviewed petitioner David J. Buchanan's motion to reopen his habeas case, filed pursuant to Fed. R. Civ. P. 60(b)(3) and (6) (D.I. 92);

IT IS ORDERED that petitioner's Rule 60(b) motion is **DENIED** for the reasons that follow:

**1. Background.** The court denied petitioner's § 2254 application in September 2010, after concluding that the two claims asserted therein were procedurally barred. (D.I. 64; D.I. 65) Petitioner filed a motion for reargument, which the court denied. (D.I. 69; D.I. 78) On November 2, 2012, petitioner filed the instant motion to reopen his case pursuant to Rule 60(b)(3) and (6). (D.I. 92)

**2. Standard of Review.** "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Motions filed pursuant to Rule 60(b)(3) must be filed no more

than a year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). In turn, a Rule 60(b)(6) motion must be filed within a "reasonable time." *United States v. One Toshiba Color Television*, 213 F.3d 147, 157-58 (3d Cir. 2000)(en banc). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

3. Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

4. **Discussion.** In the instant motion, petitioner asks the court to reopen his federal habeas proceeding to consider a claim that trial counsel rendered ineffective

---

[1] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

2

assistance in investigating petitioner's case. (D.I. 92) More specifically, petitioner alleges he learned during his first state collateral proceeding that trial counsel falsely stated he had accessed the Delaware Family Court records relating to an order of prohibition against petitioner during petitioner's trial or direct appeal. Therefore, the case should be reopened so that the court can determine if trial counsel provided ineffective assistance with respect to the arguments related to the order of prohibition.

5. As an initial matter, the court concludes that the instant Rule 60(b) constitutes a second or successive habeas application. See 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254. Petitioner's argument that trial counsel provided ineffective assistance does not challenge the manner in which petitioner's § 2254 application was denied but, rather, collaterally attacks his underlying conviction. In addition, petitioner could have, but did not, raise the instant argument in his § 2254 application, or in his first motion for reargument.[2]

---

[2]Petitioner's first application filed in October 2008 was dismissed without prejudice for failing to exhaust state remedies. (D.I. 4) The court reopened the case in August 2009 at petitioner's request, because he asserted that he had exhausted state remedies. (D.I. 22) He then filed an amended habeas application asserting three claims: (1) ineffective assistance of counsel at trial and on appeal; (2) the Delaware Supreme Court erred in denying his petition for a writ of prohibition on the ground that the Superior Court lacked jurisdiction; and (3) a "civil suit to give judicial notice of malicious prosecution by state and federal police with nexus, and to recover property." (D.I. 25; D.I. 26) On July 16, 2010, petitioner voluntarily withdrew his unexhausted ineffective assistance of counsel claim from his habeas application. (D.I. 57) The court then denied the remaining two claims in the application as procedurally barred. (D.I. 64; D.I. 65) On September 27, 2010, petitioner filed a letter informing the court that he had filed a Rule 61 motion for post-conviction relief in the Delaware Superior Court on August 23, 2010, and that the Rule 61 motion asserted a claim regarding trial counsel's ineffective assistance. (D.I. 66) Although petitioner filed his Rule 61 motion in the Superior Court days after voluntarily withdrawing his ineffective assistance of counsel claim from his federal habeas application, he did not inform this court of his pending Rule 61 proceeding and ask to stay the habeas proceeding during its pendency in state

3

6. The record reveals that petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/application. Accordingly, the court denies petitioner's motion/application as second or successive. See 28 U.S.C. § 2244(b)(1); Robinson, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

7. In addition, even if the court were to treat the Rule 60(b) motion as a true motion for reconsideration rather than as a second or successive habeas petition, it is unavailing. First, to the extent the instant motion is filed pursuant to Rule 60(b)(3), it is dismissed as untimely. The court denied petitioner's habeas application on September 29, 2010, and denied his motion for reargument on September 15, 2011. Petitioner's instant Rule 60(b)(3) motion was filed on November 2, 2012, well after the one year time period required for filing Rule 60(b)(3) motions.

8. Second, to the extent the motion is filed pursuant to Rule 60(b)(6), it is denied

---

court, nor did he ask to withdraw his entire habeas application so that he could proceed with all claims after the end of his Rule 61 proceeding. Additionally, although petitioner filed a motion for reargument after the court denied his habeas application, petitioner only explicitly argued that the court erred in denying the two remaining claims in the application as procedurally barred from federal habeas review. In other words, petitioner did not raise an ineffective assistance of counsel claim in his motion for reargument. (D.I. 69) When the court denied petitioner's motion for reargument on September 15, 2011, the court only considered petitioner's explicit argument that the two remaining claims in the application should not have been denied as procedurally barred. (D.I. 78) Significantly, after withdrawing his first ineffective assistance of counsel claim from his application in July 2010, petitioner did not raise another freestanding ineffective assistance of counsel claim until November 2012, when he filed the instant Rule 60(b) motion.

4

for failing to satisfy the standards outlined in Rule 60(b)(6). Petitioner's unsupported and self-serving claim that counsel misrepresented the extent of the investigation he performed prior to or during petitioner's trial concerning an order of prohibition against petition does not constitute an extraordinary circumstance warranting reconsideration of the court's earlier decision. Additionally, petitioner "discovered" this alleged ineffective assistance sometime between August and December 2010, yet waited to raise this new claim until November 2012.

9. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE