IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID J. BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-639-SLR |
| | ) |
| G.R. JOHNSON, Warden, | ) |
| and MATTHEW DENN, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents.[1] | ) |

**MEMORANDUM**

1. **Background**. The court denied petitioner's § 2254 application in September

2010, after concluding that the two claims asserted therein were procedurally barred.

(D.I. 64; D.I. 65) Petitioner filed a motion for reargument, which the court denied. (D.I.

69; D.I. 78) In November 2012, petitioner filed a motion to reopen his case pursuant to

Rule 60(b)(3) and (6), which the court denied. (D.I. 92; D.I. 96) Presently pending

before the court is petitioner's new motion for reconsideration filed pursuant to Rule

60(b).

2. **Standard of Review.** "Rule 60(b) allows a party to seek relief from a final

judgment, and request reopening of his case, under a limited set of circumstances

including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545

U.S. 524, 528 (2005). A court may grant a Rule 60(b) motion only in extraordinary

---

[1]The court has substituted Warden G.R. Johnson for former Warden Michael
DeLoy, and Delaware Attorney General Matthew Denn for former Delaware Attorney
General Joseph R. Biden, III, both of whom were original parties to this case. *See* Fed.
R. Civ. P. 25(d)

circumstances,[2] and a Rule 60(b) motion is not appropriate to reargue issues that the

court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp.

1239, 1240 (D. Del. 1990).

3. Additionally, when, as here, a district court is presented with a Rule 60(b)

motion after it has denied the petitioner's federal habeas application, the court must first

determine if the motion constitutes a second or successive application under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third

Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b)
> motion attacks the manner in which the earlier habeas judgment was procured
> and not the underlying conviction, the Rule 60(b) motion may be adjudicated on
> the merits. However, when the Rule 60(b) motion seeks to collaterally attack the
> petitioner's underlying conviction, the motion should be treated as a successive
> habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner

cannot file a second or successive habeas application without first obtaining approval

from the Court of Appeals and, absent such authorization, a district court cannot

consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson*

*v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

4. **Discussion.** In the instant motion, petitioner asks the court to reopen his

federal habeas proceeding in order to consider his argument that the State lacked

"jurisdiction over civil issues that were res judicata before the Family Court and the

Bankruptcy Court." (D.I. 99 at 1) According to petitioner, "the State [withheld]

evidence that would place [into] question [] the jurisdiction of the Family Court being

_____

[2]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

available to legally issue an injunction or PFA over the same property listed in the Chapter-13, which equates to bad faith prosecution and *Brady* violations, that would allow [the court] to reopen the habeas corpus [case]." (D.I. 99 at 2)

5. The court concludes that the instant Rule 60(b) constitutes a second or successive habeas application. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254. Petitioner's argument that the State allegedly lacked jurisdiction does not challenge the manner in which petitioner's § 2254 application was denied but, rather, collaterally attacks his underlying conviction. In addition, petitioner raised a similar, if not identical, "lack of jurisdiction" argument in his initial § 2254 application.[3] Petitioner also raised a similar "lack of jurisdiction" argument in a new and separate application for federal habeas relief he filed in in May 2013, which the court denied for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas application. *See Buchanan v. Delaware Family Court*, Civ. Act. No. 13-915-SLR (D. Del. July 3, 2014).

6. The record reveals that petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant motion/application. Accordingly, the court will

_____

[3]Petitioner's first application filed in October 2008 was dismissed without prejudice for failing to exhaust state remedies. (D.I. 4) The court reopened the case in August 2009 at petitioner's request, because he asserted that he had exhausted state remedies. (D.I. 22) He then filed an amended habeas application asserting three claims: (1) ineffective assistance of counsel at trial and on appeal; (2) the Delaware Supreme Court erred in denying his petition for a writ of prohibition on the ground that the Superior Court lacked jurisdiction; and (3) a "civil suit to give judicial notice of malicious prosecution by state and federal police with nexus, and to recover property." (D.I. 25; D.I. 26) On July 16, 2010, petitioner voluntarily withdrew his unexhausted ineffective assistance of counsel claim from his habeas application. (D.I. 57) The court then denied the remaining two claims in the application as procedurally barred. (D.I. 64; D.I. 65)

3

deny petitioner's motion for being an authorized second or successive habeas application. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

7. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

8. **Conclusion.** For the above reasons, the court will deny petitioner's Rule 60(b) motion. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document.")

Dated: August 17 , 2015

UNITED STATES DISTRICT JUDGE

4